UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-CV-60888-ARTAU/AUGUSTIN-BIRCH

KIMBERLY and JAMES STEEL,

    Plaintiffs,

v.

LAWRENCE DAVIS, *et al.*,

    Defendants.
_____/

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFFS' MOTION FOR ALTERNATIVE
SERVICE OF PROCESS AND DENYING AS MOOT PLAINTIFFS' MOTION
FOR ENLARGEMENT OF TIME TO SERVE TWO REMAINING DEFENDANTS

This cause comes before the Court on Plaintiffs Kimberly and James Steel's Motion for Enlargement of Time to Serve Two Remaining Defendants and Plaintiffs' Motion for Alternative Service of Process. DE 79; DE 81. The Honorable Ed Artau, United States District Judge, referred both Motions to the undersigned United States Magistrate Judge via court-only staff note on February 12, 2026. The Court has carefully reviewed the Motions and the record and is otherwise fully advised in the premises. For the following reasons, the Motion for Alternative Service of Process [DE 81] is **GRANTED IN PART AND DENIED IN PART**, and the Motion for Enlargement of Time [DE 79] is **DENIED AS MOOT**.

Plaintiffs have yet to serve process on two Defendants named in this lawsuit: Stephen Stenberg and Chris Pordon. Plaintiffs contend that they have used due diligence to attempt to serve both Defendants, but the Defendants are evading service. Plaintiffs state that they investigated available databases to find addresses for the Defendants, conducted skip traces on the Defendants, attempted physical service at all known and discovered addresses for the Defendants,

spoke to individuals at those addresses, attempted service by certified mail on the Defendants, sent notice of the lawsuit to the Defendants' business email addresses, and created a service website containing the pleadings and emailed the Defendants a hyperlink to the website. DE 81-2 ¶¶ 14, 19–20, 26–27. Plaintiffs further state that they believe both Defendants are in contact with other Defendants to this lawsuit, have full knowledge of the lawsuit, and are evading service. *Id.* ¶¶ 15, 18. Plaintiffs ask the Court to consider their service by email and their creation of a service website to be adequate alternative service of process on the two Defendants.

Service of process on an individual may be accomplished by "following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Florida law provides a method for substitute service on an individual who conceals his whereabouts. "When an individual . . . conceals its whereabouts, the party seeking to effectuate service may, after exercising due diligence to locate and effectuate personal service, use substituted service pursuant to subsection (1)[.]" Fla. Stat. § 48.161(4). Subsection 1 allows substitute service of process "by sending a copy of the process to the office of the Secretary of State." *Id.* § 48.161(1). "The party seeking to effectuate service must also comply with subsection (3); however, a return receipt or other proof showing acceptance of receipt of the notice of service and a copy of the process by the concealed party need not be filed." *Id.* § 48.161(4). Subsection 3 requires (1) an attempt at service at a defendant's last known physical address by registered mail, by certified mail with return receipt requested, or by use of a commercial firm that regularly engages in document or package delivery; and (2) service by electronic means if the parties have recently and regularly used email or other electronic means to communicate. *Id.* § 48.161(3).

Plaintiffs' various attempts to locate and serve the two Defendants constitute due diligence. *See* DE 81-2 ¶¶ 14, 19–20, 26–27; *see also* Fla. Stat. § 48.161(5) (stating that a serving party uses

2

due diligence if the party makes diligent inquiry and exerts an honest and conscientious effort appropriate to the circumstances to acquire information to effectuate personal service, reasonably employs the knowledge at the party's command, and makes an appropriate number of attempts to serve). Given the extent of Plaintiffs' efforts and the fact that the two Defendants have yet to be physically served, the Court is satisfied that the Defendants are concealing their whereabouts.

Thus, Plaintiffs' request to serve the two Defendants by substitute service is granted. As already stated, substitute service under Florida law requires both service on the Secretary of State and attempted service by mail and electronic means. Fla. Stat. § 48.161(1), (3), (4). Plaintiffs already have attempted to serve the Defendants by certified mail with return receipt requested and have sent Defendants notice by email. DE 81-2 ¶¶ 19–20, 26–27. To the extent that Plaintiffs ask that the requirement of service on the Secretary of State be waived, their request is denied. Plaintiffs have provided no information or argument showing why service on the Secretary of State cannot be accomplished.

Accordingly, Plaintiffs' Motion for Alternative Service of Process [DE 81] is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs must complete substitute service under Fla. Stat. § 48.161 and file proof of service on the Secretary of State within two weeks of the date of this Order. In light of this ruling, Plaintiffs' Motion for Enlargement of Time to Serve Two Remaining Defendants [DE 79] is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 24th day of February, 2026.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE